JOSEPH A. TOSNEY, THIRD, & another[1] vs. CHELMSFORD VILLAGE CONDOMINIUM ASSOCIATION & others.[2]

Middlesex.    April 7, 1986. — June 2, 1986.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Condominiums*, Management, Master deed, Common expenses.

General Laws c. 183A, §§ 1 et seq., the Massachusetts condominium statute, permitted a condominium association and the project's developer to enter into an agreement establishing "limited" common area charges to those owners of condominium units who enjoyed the use of certain areas which were not available for use by all the owners in the project and, furthermore, although the establishment of such limited common area charges would have been better accomplished by an amendment to the master deed, the charges were properly assessed where the agreement was recorded with the master deed and an amendment to the master deed referred to "all other documents," and where the owners in question took title to their units with ample notice that they would be assessed such charges. [686-688]

There was no merit to a contention by the owners of a condominium unit that an increase in their annual limited common area fee violated the terms of the master deed which governed the condominium project in which their unit was located. [688]

CIVIL ACTION commenced in the Superior Court Department on March 27, 1984.

The case was heard by *John Paul Sullivan*, J., on a motion for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

---

[1] Teresa A. Tosney.

[2] John T. McHugh, Robert F. Nolan, Adele Rosenthal, Donald Fraser, Erwin Chester, George Gorski and John P. Savage, as they constitute the board of directors and officers of the Chelmsford Village Condominium Association.

*Gerald F. Moore* for the plaintiffs.

*James M. Bolton* for the defendants.

NOLAN, J. The issue before the court is whether the Massachusetts condominium statute, G. L. c. 183A, §§ 1 et seq. (1984 ed. & Supp. 1986), permits the establishment of "limited" common area charges, to fewer than all the owners, and, if so, whether the establishment of such limited common area charges must be made by an amendment to the master deed or whether charges can be assessed pursuant to a recorded agreement between the condominium developer and the condominium association. The parties have agreed that there are no genuine issues of material fact.

The original developer of Chelmsford Village Condominiums executed and recorded a master deed reserving the right to build additional townhouse units and to expand the condominium project. The master deed contained a clause which defined "common areas" and provided for the assessment of common expenses.[3] Each unit owner was to "be liable for a proportionate share of the common expense and . . . [to] share the common surplus, such shares being the same as the undivided share in the Common Areas and Facilities . . . ." The deed also provided that amendments to the master deed were to be established by a vote of three-quarters of the record owners and mortgagees and that such amendments were required to be recorded.

---

[3] The master deed provided:

*"Common Areas and Facilities*

"Common Areas and Facilities shall consist of the entire property, including all parts of the building other than the Units, and including, without limitation, swimming pool(s) and cabana(s), driveways, walkways, bridge, lawns, tennis court(s), gate house, recreation building, exterior walls, roofs, structural components, sewage treatment plant, parking garage (except Townhouses), and common funds, as well as all other items stated in The Condominium Act. . . .

*"Common Expenses*

"Common Expenses include expenses of administration, maintenance, operation, repair or replacement of the common areas, and expenses declared common expenses by provisions of this Declaration, the By-Laws or the Condominium Act."

The original developer either was declared bankrupt or was terminated as a result of a foreclosure proceeding, and another developer continued the construction of the additional townhouse units and of four "garden-style" buildings. Each garden-style building consisted of thirty-two units. "Phases 7 and 2B", garden-style condominiums, contained elevators, underground parking, central heating and air conditioning. The townhouse units did not contain these amenities.

In February, 1982, the Chelmsford Village Condominium Association, through its board of directors, and the developer entered into an agreement (which was later recorded in the appropriate registry of deeds), which provided that the above named special common areas be assessed to the owners of garden-style buildings in "proportion to their respective percentages of beneficial interest." The agreement was to bind respective successors and assigns.

Approximately one year later, the plaintiffs signed a purchase and sale agreement with the developer for a garden-style unit in the "Phase 7A" complex. The purchase and sale agreement referred to the agreement between the association and the developer regarding limited common areas. An amendment to the recorded master deed also referred to "all other documents of record." The plaintiffs received a copy of the "Chelmsford Village Condominium Documentation Booklet" which included a copy of the agreement. The plaintiffs also received a copy of the "Rules and Regulations" for garden-style unit owners and residents which contained another reference to "limited common areas."

The plaintiffs were originally charged $80 a month for common area maintenance and $15 a month for the special common area expenses. In November, 1984, the assessed charges were increased to $92 and $23 respectively. In August, 1983, the plaintiffs had filed a G. L. c. 93A, § 9, claim against the condominium association, demanding a refund and refusing to make future payments for these special or limited common areas. The plaintiffs then filed a complaint for equitable and monetary relief, seeking a determination that the assessment violated G. L. c. 183A. The association moved for and was

granted summary judgment. The trial judge ruled that the association had the legal authority to levy special common expense charges and that the increase was assessed according to the by-laws.

"The order granting summary judgment . . . will be upheld if certain factors converge to convince us that the trial judge was ruling in this case on undisputed facts, and, of course, that his ruling was correct as matter of law." *Community Nat'l Bank* v. *Dawes*, 369 Mass. 550, 556 (1976). A brief examination of the relevant portions of G. L. c. 183A is in order. A master deed, creating a condominium, must be recorded pursuant to G. L. c. 183A, §§ 2, 8 (i) (1984 ed. & Supp. 1986). Section 8 (i) states that the master deed shall contain "[t]he name of the corporation, trust or association which has been formed and through which the unit owners will manage and regulate the condominium, together with a statement that such corporation, trust or association has enacted by-laws pursuant to [G. L. c. 183A]." *Johnson* v. *Keith*, 368 Mass. 316, 318 (1975). Section 5 (a) provides that "[e]ach unit owner shall be entitled to an undivided interest in the common areas and facilities in the percentage set forth in the master deed." Section 5 (b) recites that such percentage "shall not be altered without the consent of all unit owners, expressed in an amended master deed duly recorded." "The common profits shall be distributed among, and the common expenses shall be charged to, the unit owners according to their respective percentages of the undivided interest in the common area and facilities." § 6 (a). Also, § 8 (e) provides that the master deed shall contain " [a] description of the common areas and facilities and the proportionate interest of each unit therein." It is the plaintiffs' contention that the association had no authority under c. 183A to assess a special common area fee to fewer than all unit owners, particularly in the absence of a formal amendment to the master deed.

Chapter 183A is essentially an enabling statute. *Barclay* v. *DeVeau*, 384 Mass. 676, 682 (1981). Although it lays out certain minimum requirements for setting up condominiums, it also "provides planning flexibility to developers and unit

owners." *Id.* See *Franklin* v. *Spadafora*, 388 Mass. 764, 769 n.12 and 773 (1983). Matters not specifically addressed in the statute should be directed to the parties to be worked out.

"[L]imited common areas and facilities, are available, generally, for the use and enjoyment of one or more but less than all unit owners." 1 P. Rohan & M. Reskin, Condominium Law and Practice § 6.01 [5] (1981). Approximately thirty-eight jurisdictions have provisions in their condominium statutes for limited common areas. *Id.* n. 21. E.g., Conn. Gen. Laws Stat. Ann., § 47-68a (g) (West 1978 & Supp. 1985). Most, if not all, States require that limited common areas be designated in the declaration or master deed. E.g., Colo. Rev. Stat. § 103(5) (1982). See *Norris* v. *Edwin W. Peck, Inc.*, 381 So.2d 353, 355 (Fla. Dist. Ct. App. 1980). General Laws c. 183A, although silent on the topic of limited common areas, covers extensively the subject of "common areas" and "common expenses" for condominium owners. The judge ruled that "[s]pecial common expenses are merely an expansion of the theory behind general common expenses . . .," and we agree.

Common areas and facilities, as defined in c. 183A, § 1, include elevators, parking areas, and the installation of air conditioning and heating systems. These facilities comprise the limited areas that are in question in this case, and are used solely by the plaintiffs and others occupying the garden-style apartments. It does not seem either equitable or logical that townhouse unit owners should be required to pay a portion of the expenses for facilities from which they receive no benefit.

In light of a provision in the master deed which states that "[n]o amendment shall discriminate against any Unit Owner or . . . change any Unit or the share of the common elements appurtenant to it, or increase the Owner's share in the common expenses, unless all the record owners of the Units concerned, and all the record owners of mortgages thereon shall join in the execution of the amendment . . . ," we think that the better practice would have been to have amended formally the master deed. However, failure to do so does not detract from the association's right to assess the respective owners for their use of these limited areas. The plaintiffs received a copy of

the agreement that had been entered into between the developer and the association which was included in the "Chelmsford Village Condominium Documentation Booklet." The agreement was recorded with the master deed and an amendment to the master deed referred to "all other documents." Therefore, the plaintiffs took title to the unit with ample notice that they would be assessed fees for common areas used only by the particular garden-style condominium owners. See *Johnson* v. *Keith,* 368 Mass. 316, 321 (1975). We see no error in the judge's ruling.

We also find no merit to the plaintiffs' contention that the increase of the limited common area fee in 1984, violated the terms of the master deed.[4] The judge found that "[t]he section relied on by the plaintiffs refers to an increase in the *proportionate* share of the unit owners and not [a]n overall increase in the amount assessed" (emphasis added). He further determined that the by-laws of the association specifically gave the board the authority to levy additional assessments as needed. We conclude that the judge fairly and accurately interpreted the provisions of the master deed.

*Judgment affirmed.*

---

[4] The plaintiffs rely on provision 18(b) of the master deed which states that "no amendment shall . . . increase the Owner's share in the common expenses, unless all the record owners of the units concerned, and all the record owners of mortgages thereon shall join in the execution of the amendment."