Banks, J.
This is an action in tort to recover damages for personal injuries sustained when the plaintiff slipped and fell in a common area of a commercial condominium.
The sole issue raised by this appeal is whether G. L c. 183A, §13 precludes an action against an individual condominium unit owner, for negligent maintenance of common areas, when the common funds of the organization of unit owners have not been exhausted.
*34 The report and attached exhibits indicate that defendant Revere Business Dvelopment Corporation (“Revere”) executed and recorded a Master Deed in 1984 creating the “Post Office Professional Building Condominium” at 300 Broadway, Revere, Massachusetts. The building has a basement level and two, upper floors and consists of five office condominium units and various common areas.
Defendant Post Office Professional Building Condominium Associates (“Association”) is the organization of unit owners who elect, from their membership, a Board of Managers authorized to regulate and administer condominium business in accordance with the Master Deed, the By-Laws and the Massachusetts condominium statute, G. L. c. 183A. The powers and duties of the Board of Managers include, inter alia, responsibility for the “operation, maintenance, repair, cleaning and care” of common areas and facilities; for the procurement of necessary insurance for the property and for the management of Association finances. The Association maintains a $500,000.00 comprehensive business liability insurance policy on the property.
The defendant-appellant, General Hospital Corporation (“MGH”), is the individual owner of two condominium units, Units 3 and 5, which are located, respectively, on the first and second floors of the building. As owner of these particular units, MGH possesses a forty-six (46%) percent beneficial interest in the Association's property.
The plaintiff is an employee of Chelsea, Revere, Winthrop Home Care, Inc. which occupied, as lessee, Unit 1 located on the basement floor of the condominium building. The plaintiff alleges that on August 2,1985, she was injured when she fell in a basement floor hallway adjacent to Unit 1. The report indicates that the plaintiff claimed damages for such injuries in an amount less than $25,000.00.
This action was commenced on July 29,1988 against each of the above-named defendants on roughly identical negligence counts. The plaintiff's sole claim against MGH was set forth in Count II of her complaint which alleged that MGH “owns, manages and/or controls” the condominium property in question, and breached its duty of due care by negligently permitting the property to remain in a defective or dangerous condition. MGH answered that it owned certain real property at 300 Broadway, but denied that it owned, managed or controlled the premises where the accident occurred.
On July 7, 1989, MGH filed a Dist./Mun. Cts. R. Civ. P., Rule 56 motion for summary judgment[2] predicated on G. L. c. 183A, §13. MGH argued, pursuant to such statute, that all claims involving condominium common areas must be brought against the organization of unit owners, rather than individual unit owners, and that exhaustion of the common funds and property of the organization is a condition precedent to suit against an individual unit owner. MGH concluded that as the Association herein maintains a $500,000.00 insurance policy on the common areas, and as the plaintiff's claim for damages was less than $25,000.00, MGH was entitled to summary judgment as a matter of law.
The trial judge denied the motion for summary judgment, and MGH thereafter filed a Motion for Immediate Report of an Interlocutory Ruling. After endeavoring unsuccessfully to secure the plaintiff's voluntary dismissal of the action without prejudice, the trial court granted MGH's request for a Dist./Mun. Cts. R. Civ. P., Rule 64(d) report to this Division of the denial of MGH's summary judgment motion.
We note at the outset that both parties agree that no material issue of fact exists to preclude summaryjudgmentfor MGH. The propriety of the court's Rule 56 order hinges on a determination of law as to the proper construction of G.L c. 183A, §13[3]. *35 An analysis of Section 13 requires a preliminary examination of the comprehensive statutory scheme of which it is a part.
The Massachusetts condominium statute, G.L. c. 183A, §1 et. seq. is enabling legislation which was enacted in 1963 to facilitate condominium development and ownership through a clarification of “the legal status of the condominium in light of its peculiar characteristics.” Grace v. Brookline, 379 Mass. 43, 52 (1979). The statute specifies certain minimum requirements for establishing condominiums, Tosney v. Chelmsford Village Condominium Ass'n, 397 Mass. 684, 686 (1986), which delineate, inter alia, the rights and obligations of condominium owners vis-a-vis the common areas and facilities. The distinction between the unit owner's exclusive possession and control of his individual unit and his shared, undivided interest with all other unit owners in the common areas is the distinguishing characteristic of condominium ownership. See Golub v. Milpo, Inc., 402 Mass. 397, 400-401 (1988). See also, G.L. c. 183A, §§4,5.
Section 1 of G.L. c. 183A defines the “organization of unit owners” as the “... association owned by the unit owners and used by them to manage and regulate the condominium.” With respect to common areas, Section 11(a) of c. 183A requires that the Association's By-Laws establish “[t]he method of providing for the necessary work of maintenance, repair and replacement of the common areas and facilities....” In the instant case, Article II, Sec. 22 of the By-Laws charges the Association's Board of Managers with responsibility for the control and maintenance of the common areas. Consistentwith its dutyin this regard, the Association, rather than individual unit owners, is then statutorily vested with the power and duty “ [t] o conduct litigation and tobe subject to suit as to anv cause of action involving the common areas and facilities... [emphasis supplied].” G.L. c. 183A, §10(b) (4).
It is thus evident from even a preliminary review of c. 183A that the legal entity which owed the plaintiff herein a duty of reasonable care in maintaining the common areas and which was properly subject to suit for an alleged breach of that duty was the Association. The narrow question posed by this appeal, however, is whether individual unit owners can be sued together with the Association for personal injuries sustained by third parties in the common areas. Section 13 of G.L. c. 183Ais dispositive of this question.
The statute provides:
All claims involving the common areas and facilities shall be brought against the organization of unit owners, and all attachments and executions related to such claims shall be made only against common funds or property held by the organization of unit owners and not against the common areas and facilities other than the leasehold of any lease included therein. After such common funds and property have been exhausted, individual unit owners shall be liable for the balance, if anv. provided however that the amount for which a unit owner is liable shall be limited to a sum equal to the amount of his percentage interest in the common areas and facilities times the balance due.
The Legislature's use of the mandatory term, “shall,” Barclay v. DeVeau, 11 Mass. App. Ct. 236, 243 (1981), rev'd on other grounds, 384 Mass. 676 (1981), and its singular designation of theAssociaton in the firstsentence of Section 13 compel the conclusion that an action for negligent maintenance of condominium common areas may be brought only against the organization of unit owners and not against an individual unit owner. Section 13, when read in the context of the entire c. 183A framework, clearly dictates that the Association has “exclusive control over the common facilities and [is] the sole point of contact between the unit owners and third parties as to matters involving” the common areas. Glickman v. Brown, 21 Mass. App. Ct. 229, 237 (1985) A contrary construction of Section 13 would render such provision inconsistent with Section 10(b) (4) of the statute which, as noted, vests exclusive control of litigation involving common areas, including the right to settle all claims, Golub v. Milpo, Inc., supra at 401, in the Association. As a practical *36 matter, the Association's ability to conduct litigation to protect common areas in behalf of all unit owners would be impaired or negated by the joining of individual unit owners as separate party litigants with rights equal to the Assocaition to prosecute or defend in furtherance of their own private interests.[4] Such a result would also logically conflict with the legal theory of condominium ownership in which the individual unit owner enjoys no independent interest in common areas, but shares a beneficial undivided interest with all other unit owners.
We recognize, as the plaintiff argues, that G.L.c. 183A, §13 contains no explicit discharge of the individual unit owner's liability for injuries sustained in common areas. This does not suggest, however, that the statute envisions a dual, contemporaneous liability of the Association and the unit owner permitting simultaneous suit against both. The second sentence of Section 13 unequivocally provides that individual unit owners shall be liable “after such common funds and property have been exhausted [emphasis supplied]” and then only for “the balance due, if any.. . .’’According this unambiguous statutory language the usual and ordinary meaning of the words employed, Beaconsfield Town House Condominium Trust v. Zussman, 401 Mass. 480, 483-484 (1988), we conclude that the exhaustion of condominium common funds and property is a condition precedent to an individual unit owner's liability for injuries sustained in common areas. As the unit owner's liability must precede any action predicated thereon, it is clear theG.Lc.183A, §13 precludes suit against an individual unit owner until such time as the common funds of the condominium have been exhausted.[5]
In the instant case, the common funds and property of the Association, which include available proceeds from a $500,000.00 liability insurance policy, have not been exhausted. No claim against MGH as an individual unit owner for injuries sustained by the plaintiff is, therefore, presently actionable.
Accordingly, the trial court's denial of MGH's rule 56 motion for summary judgment is reversed and vacated. Summary judgment in favor of MGH is to be entered on Count II of the plaintiff's complaint, on Counts III and IV of Eastern's cross-claim, and on the cross-claims of MGH and the Association. So ordered.

 Defendants Eastern Building Services, Inc. (“Eastern”) and the Association had filed cross-claims against MGH which, in turn, filed cross-claims against them. MGH's Rule 56 motion sought the entry of summary judgment in its favor on Count II of the plaintiffs complaint, on Counts III and IV of Eastern's cross-claim, on the Association's cross-claim and on its own cross-claim against its co-defendants. The report states that neither Eastern, nor the Association, opposed MGH's Rule 56 motion.

 Uncertainty as to the amount of damages theoretically recoverable by the plaintiff isnotamaterialissue of feet in view of controlling statutory terminology.

 The unit owner's relinquishment to the Association of his right to participate in or direct the course of litigation having a potential impact on his financial interests is simply one of the many characteristics of this form of property ownership which the unit owner must accept in taking title to a condominium. See Tosney v. Chelsmsford Village Condominium Assoc., 397 Mass. 683, 688 (1986); Franklin v. Spadafora, 388 Mass. 764, 769 (1983). The fact that MGH possesses a 46% beneficial interest in Association property and is thus theoretically liable for the largest, single portion of the plaintiff's damages in excess of condominium common funds and property does not entitle or require MGH to defend against the plaintiffs claims.

 Section 13 creates no statute of limitations problems for an injured plaintiff who recovers damages against an Association which cannot be&lly satisfied out of condominium commonfimds and property. His cause of action against an individual unit owner does not arise, and thus the limitations period does not commence, until a judgment has been entered against the Association, and the common funds have been exhausted in partial satisfaction of such judgment.