CLAIRE F. SUPRENANT *vs.* FIRST TRADE UNION SAVINGS
BANK, FSB, & another.[1]

No. 95-P-521.

Suffolk. May 14, 1996. - July 1, 1996.

Present: WARNER, C.J., ARMSTRONG, & GREENBERG, JJ.

*Condominiums,* Master deed. *Real Property,* Condominium.

An amendment to a condominium master deed, approved by seventy
percent of the unit owners, that purported to extend the time period
(which had expired) within which additional phases could be built, was
an impermissible reduction of the common area percentage interests of
the unit owners: under G. L. c. 183A, § 5 (*b*), one hundred percent ap-
proval of all owners whose percentage interests were affected was
required. [640-641]

CIVIL ACTION commenced in the Land Court Department
on August 3, 1993.

The case was heard by *Karyn F. Scheier,* J., on motions for
summary judgment.

*Michael A. Feinberg* for First Trade Union Savings Bank,
FSB.

*Henry A. Goodman* for the plaintiff.

WARNER, C.J. The plaintiff, owner of a condominium unit
in the Herring Run Condominium in Bourne, commenced an
action in the Land Court for declaratory and injunctive relief
against the defendant bank, successor to the declarant or
original developer of the condominium, and the condomin-
ium corporation. The plaintiff alleged that a 1991 amendment
to the condominium master deed that extended the time to
add additional phases to the condominium[2] and was obtained
upon approval by seventy percent of the unit owners was in-
valid. On cross motions for summary judgment, a Land Court

[1]Herring Run Condominium Corporation.
[2]See *Podell* v. *Lahn,* 38 Mass. App. Ct. 688, 689 n.3 (1995).

judge agreed, ruling that the amendment affected the plaintiff's undivided percentage interest in the condominium's common area and that, pursuant to G. L. c. 183A, § 5(*b*), one hundred percent approval of all unit owners whose percentage interests were affected by the amendment was required.[3] A final judgment was entered declaring that the right to add additional phases had expired, that the amendment was void, and that the percentage interests of each unit owner should be restored to the interest existing as of the date of expiration of the reserved right. The bank has appealed. We affirm.

The Herring Run Condominium was created by master deed dated on March 14, 1986, and recorded at the Barnstable County registry of deeds. The master deed, upon which the plaintiff had a right to rely at the time she acquired her unit, provides as follows:

> "*Section 13A. Construction of Phases 2 through 12.* With respect to each of said Phases 2 through 12:

> "a. The Declarant shall have, and hereby reserves, the right to develop and construct the same, including the buildings and Units to be included therein . . . and all roads, ways, parking spaces, utilities and other improvements and amenities thereof and serving any such subsequent Phase of the condominium . . . .

> "*Section 13B. Scope of Declarant's Reserved Rights and Easements.* The following subsections . . . are set forth to further describe the scope of the Declarant's reserved rights and easements under this Section 13.

---

[3]Section 5(*b*), as amended by St. 1987, c. 87, provides, in pertinent part: "The percentage of the undivided interest of each unit owner in the common areas and facilities as expressed in the master deed shall not be altered without the consent of all unit owners whose percentage of the undivided interest is affected, expressed in an amended master deed duly recorded." Section 5(*b*) was substantially rewritten by St. 1994, c. 365, § 2 (effective January 1, 1996). The quoted language was retained, and the section also provides, in pertinent part: "The organization of unit owners, upon the affirmative vote of seventy-five percent of the holders of the undivided interest in the common area and facilities, shall have the right to extend, for a specified period of time, the rights of the declarant to continue to exercise its development rights." The 1994 amendment is not applicable to the present case.

"a. *Time Limit After Which The Declarant May No Longer Add New Phases.* The Declarant's reserved rights to amend this Master Deed to add new Units to the Condominium as future phases shall expire seven (7) years after the date of the recording of this Master Deed . . . .

"*Section 13C. Adding Future Phases by Amending Master Deed.* If any additional phases are constructed, the Declarant shall add such future phases and the buildings and Units therein to the Condominium by executing and recording with the Barnstable County Registry of Deeds amendments to this Master Deed . . . .

"It is expressly understood and agreed that no such amendments adding new phases to the Condominium shall require the consent (except as in this Section already granted) or signature in any manner by any Unit Owner . . . and the only signature which shall be required on any such amendment is that of the Declarant. . . .

"Each Unit Owner understands and agrees that as additional phase(s) containing additional Unit(s) are added to the Condominium by amendment to this Master Deed pursuant to the Declarant's reserved rights hereunder, the percentage ownership interest of his Unit in the Common Areas and Facilities, together with his Unit's concomitant interest in the Condominium Corporation and liability for sharing in the common expenses of the Condominium, shall be reduced . . . .

"Every Unit Owner by the acceptance of his deed to his Unit hereby consents . . . to the Declarant's reserved rights under this Section 13 and expressly agrees to the alteration of the Unit's appurtenant percentage ownership interest in the Common Areas and Facilities of the Condominium as aforesaid when new phase(s) are added to the Condominium by amendment to this Master Deed pursuant to this Section 13.

"In the event that notwithstanding the provisions of

this Section 13 to the contrary, it shall ever be determined that the signature of any Unit Owner, other than the Declarant, is required on any amendment to this Master Deed which adds new phase(s) to the Condominium, then the Declarant, and Declarant's successors in title (including . . . by deed in lieu of foreclosure) shall be empowered, as attorney-in-fact for the owner of each Unit in the Condominium, to execute and deliver any such amendment by and on behalf of and in the name of each such Unit Owner; and for this purpose each Unit Owner, by the acceptance of the deed to his Unit . . . constitutes and appoints the Declarant as his attorney-in-fact.

"*Section 14A. Amendments to Master Deed.* Except with respect to Section[ ] . . . 13 hereof, this Master Deed may be amended by (a) the vote of at least seventy percent (70%) in common interest of all Unit Owners . . . at a meeting duly held in accordance with the provisions of the By-Laws of the Herring Run Condominium Corporation . . . or (b) in lieu of a meeting, any amendment may be approved in writing by seventy percent (70%) in common interest of all Unit Owners . . . ; provided, however, that, without the consent of any Unit Owner, (a) the Declarant (or the Declarant's successors as aforesaid) may at any time within seven (7) years of this Master Deed, amend this Master Deed so as to increase the number of Units in the condominium to include . . . [all or portions of Phases 2 through 12 or such other phase or phases as permitted by Sections 12 and 13 of the Master Deed]."

Although the exact date of the recording of the master deed is not part of the record, it is undisputed that the master deed was recorded in March, 1986, and that no new phases were added to the condominium by March 31, 1993, i.e., within the seven-year period after the recording of the master deed. After accepting a deed in lieu of foreclosure from the developer, the defendant bank purported to amend the master deed under the general amendment provision (with seventy percent unit owner approval) so as to extend the period within which it could develop additional phases. The judge ruled

that the bank, by employing the general amendment provision of the master deed (contained in § 14A, requiring approval of only seventy percent of unit owners) to extend the period within which additional phases were permitted, attempted to circumvent the requirements of G. L. c. 183A, § 5(*b*).[4] We agree.

At oral argument, the bank asserted that the plaintiff, having accepted a deed to her unit and having agreed thereby to the reduction of her percentage interest in accordance with additional phases added pursuant to § 13 of the master deed, cannot now argue that the addition of additional phases contemplated by the master deed works an impermissible reduction of her percentage interest. The argument lacks merit. The reserved right to add additional phases (and to amend the master deed accordingly, under § 13C, without approval of any unit owner) was limited under § 13B(a) to a period of seven years after the recording of the master deed. There having been no phases added pursuant to § 13 by the time the reserved right expired (together with the plaintiff's concomitant agreement to reduction in her percentage interest), the plaintiff's percentage interest became fixed. Any subsequent attempt by the bank to add phases affecting the unit owners' percentage interests required, under G. L. c. 183A, § 5(*b*), one hundred percent approval of all owners whose percentage interests were affected. See *Kaplan* v. *Boudreaux*, 410 Mass. 435, 443-444 (1991); *Strauss* v. *Oyster River Condominium Trust*, 417 Mass. 442, 445-447 (1994).

*Judgment affirmed.*

---

[4]By § 14A of the master deed, the § 13 phasing was excepted from the general amendment provision authorizing approval by seventy percent of the unit owners.