LEONARD W. KAPLAN vs. JAMES L. BOUDREAUX & others,
trustees,[1] & another.[2]

Norfolk. April 3, 1991. - June 18, 1991.

Present: LIACOS, C.J., ABRAMS, NOLAN, LYNCH, & GREANEY, JJ.

*Condominiums*, Common area. *Real Property*, Condominium. *Words*,
"Undivided interest in the common areas."

Discussion of legal authorities considering the nature of the "interest" of
   condominium unit owners in the common areas of a condominium de-
   velopment. [439-441]
The term "interest" appearing in G. L. c. 183A, § 5, referring to the undi-
   vided interest held by unit owners in the common areas of a condomin-
   ium development, includes an interest in land less than an ownership or
   fee simple interest, and where the condominium documents of a certain
   development tracked the language of the statute the term "interest"
   therein had the same meaning. [441]
An amendment to the by-laws of a condominium trust, removing use re-
   strictions on a certain portion of the common area and assigning that
   portion to the exclusive use of one unit, would have effected the transfer
   of an interest in land that required, under the terms of the condomin-
   ium master deed and trust instrument and under G. L. c. 183A, § 5,
   the unanimous consent of the unit owners for the amendment to be
   valid. [441-444]

CIVIL ACTION commenced in the Superior Court Depart-
ment on June 2, 1989.

The case was heard by *Roger J. Donahue*, J., on a motion
for summary judgment.

[1] Donna Carnevale, Andrew Melcer, Abby Simon, Edward Hoard,
William Hyland, and Henry Wellins, trustees of 90 Park Street
Condominium Trust.

[2] Michelle A. McGraw. McGraw is coowner, together with James L.
Boudreaux, of unit eleven of the condominium.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Roger S. Davis* for the plaintiff.

*Robert J. Baum* (*Edward R. Wiest* with him) for the
defendants.

ABRAMS, J. Leonard W. Kaplan, the owner of one unit of
90 Park Street Condominium (condominium), filed a com-
plaint in Superior Court alleging that an amendment to the
condominium by-laws, which allowed the owners of one unit
to have the exclusive use of an area of common property,
reduced his percentage interest in the common property. He
contends that the amendment is invalid because it was
adopted in contravention of the terms of the master deed, the
condominium trust, and G. L. c. 183A, § 5 (1988 ed.). A
judge in the Superior Court declared the amendment valid
and granted summary judgment to the defendants. The
plaintiff appealed,[3] and we transferred the case on our own
motion. We reverse.

The essential facts of the case are undisputed. The plaintiff
owns one of the nineteen units in 90 Park Street, a condo-
minium development located at the intersection of Park and
Vernon Streets in Brookline. James L. Boudreaux, a trustee
of the 90 Park Street Condominium Trust, owns unit eleven
of the condominium development, together with Michelle A.
McGraw. Unit eleven is located in one corner of the build-
ing, occupying part of the first and second floors. Outside the
exterior entrance of unit eleven is an area containing a walk-
way which extends from unit eleven to Park Street. The
walkway, containing an area of approximately 640 square
feet, provides access to unit eleven only. The condominium

---

[3]The plaintiff's complaint consists of three counts. Count I requests both
preliminary and permanent injunctions preventing Boudreaux and Mc-
Graw from transferring unit eleven of the condominium; count II requests
a declaration that the by-law amendment is invalid; and count III requests
damages pursuant to G. L. c. 93A (1988 ed). The judge dismissed counts I
and III and declared the amendment to be valid. In his appellate brief, the
plaintiff does not argue the issues of an injunction or damages pursuant to
c. 93A. Therefore, those issues are deemed waived. Mass. R. A. P. 16 (a)
(4), as amended, 367 Mass. 921 (1975).

master deed includes the land and walkways as common areas, and provides that the use of the common areas is subject to the by-laws of the condominium trust. Section 5.19 of the by-laws prohibits occupants from using outdoor common areas for any purpose other than ingress and egress along paved paths.[4]

Boudreaux and McGraw wished to landscape part of the walkway leading from Park Street to unit eleven. They sought to have the by-laws amended to allow them to do so. The trustees proposed and then executed an amendment to the by-laws on June 15, 1988, and recorded the amendment at the Norfolk County registry of deeds on June 27, 1988. Unit owners purportedly representing 77.38% of the voting interest of the trust signed the amendment. The by-law amendment exempts the "outside, private entry-way/patio leading from Park Street into Unit 11" from the use restrictions set out in § 5.19 of the by-laws. It also assigns this area "for the exclusive use of Unit #11."[5] The plaintiff contests the validity of this amendment. He alleges that the adoption of the amendment violated the terms of the master deed, the condominium trust, and G. L. c. 183A, § 5, because all the owners of condominium units did not consent to the adoption

---

[4]Section 5.19 of the by-laws states: "No occupant, whether Unit Owner, guest or tenant, or member of a Unit Owner's, guest's or tenant's household, shall use or cause to be used the outdoor common areas for any activity other than ingress or egress along paved paths. All other activities are prohibited, including but not restricted to barbecuing or cooking, sun bathing, loitering, participating in games or other recreation, and allowing household pets to defecate without cleaning up promptly. Areas subject to specific easements, such as balconies, entryways and patios, are exempt from these restrictions provided that they are not used in a manner that interferes with the [privileges] and comfort of any other occupant of the Condominium."

[5]"5.19(a) with respect to the restrictions mentioned in Section 5.19 concerning common area, it is herein declared that the outside, private entry-way/patio leading from Park Street into Unit #11 shall be exempted from any such restrictions limiting activities other than ingress or egress by the owners of Unit #11. This outside, private entry-way/patio having the sole and only purpose of providing entry access directly into Unit #11 from Park Street shall hereforth be assigned for the exclusive use of Unit #11 without regard to the restrictions as mentioned in Section 5.19."

of the by-law. The plaintiff filed suit against the trustees of the condominium seeking a declaration that the by-law amendment was invalid and damages and attorney's fees pursuant to G. L. c. 93A (1988 ed.). The judge allowed the defendants' motion for summary judgment. The plaintiff seeks review of the judge's decision on the validity of the by-law amendment and further consideration of the issue of attorney's fees.

1. *Regulatory framework.* The Legislature established governing rules for condominium ownership in Massachusetts in G. L. c. 183A (1988 ed.), which essentially is an enabling statute. *Barclay* v. *DeVeau,* 384 Mass. 676, 682 (1981). A condominium unit owner is entitled to the exclusive ownership and possession of his unit, G. L. c. 183A, § 4, and to an undivided interest in the common areas in the same proportion as the value of his unit compared to the aggregate value of all the units. G. L. c. 183A, § 5. Section 5 (*b*) provides that the percentage of undivided interest in the common areas held by each unit owner cannot be altered without the consent of all unit owners whose percentage is affected, and that any such alteration can be achieved only by amendment to the master deed.

In order to establish a condominium, the owner must record a master deed. G. L. c. 183A, § 2. The master deed of 90 Park Street Condominium contains a provision similar to that in § 5: "No instrument of amendment which alters the percentage of the undivided interest in and to the Common Areas and Facilities to which any unit is entitled shall be of any force or effect unless the same has been approved by all Unit Owners and said instrument is recorded as an Amended Master Deed."

The statute also requires that the master deed contain the name of the trust or association which will manage and regulate the condominium, and a statement that the trust has established by-laws. G. L. c. 183A, § 8 (*i*). The by-laws must provide for a method of adopting and amending rules governing the use of common areas. G. L. c. 183A, § 11 (*d*). The by-laws governing 90 Park Street are contained within

the 90 Park Street Condominium Trust instrument. The
trust instrument outlines procedures for amendment. The
trustees may amend the trust with the written consent of the
owners entitled to 75% of the beneficial interest in the trust.
However, pursuant to § 8.1 of the by-laws, "[n]o such
amendment . . . which purports to alter or in any manner or
to any extent modify or affect the percentage of the Benefi-
cial Interest of any Unit Owner so as to be different from the
percentage of Beneficial Interest of such Unit Owner in the
Common Areas . . . set forth in Section 4.1 and the Master
Deed shall be valid or effective without the consent of all the
Unit Owners." Thus the trust instrument, the master deed,
and the statute all contemplate the possibility of changes in
the rules that apply to the unit owners. However, all three
prohibit any alteration which changes a unit owner's percent-
age interest in the common areas without the consent of all
the unit owners.[6]

2. *Validity of by-law 5.19 (a).* The issue before us is
whether the amendment to the by-laws which granted the
owners of unit eleven exclusive and unrestricted use of the
walkway leading to that unit constitutes an alteration in the
percentage interest of the owners, or whether it is a permissi-
ble regulation of the use of common areas. We begin by de-
termining whether the rights granted to the owner of unit
eleven constitute an "interest" in the common area, or
whether, as the defendants argue, only the conveyance of an
"ownership" interest would alter the unit owner's percentage
interest.

Neither c. 183A nor the condominium documents define
an "interest" in the common areas. We turn, therefore, to
other legal authorities. Such sources provide some insight

---

[6]The statute specifies that consent must be obtained from all unit owners
"whose percentage of the undivided interest is affected." G. L. c. 183A,
§ 5 (*b*). The defendants argue that the amendment does not change any
owner's percentage interest, but do not argue further that, even if it did,
the plaintiff would not qualify as an owner whose interest is affected. We
assume, without deciding, that, if the amendment changed the percentage
interest of unit eleven, then the plaintiff's interest would be affected.

into the meaning of this term; however, "[a]s applied to property, the chief use of the word 'interest' seems to be to designate some right attached to property which either cannot, or need not, be defined with precision." 31 C.J.S. Estates § 1 (b), at 10 (1964). Some commentators have used the phrase in an extremely broad sense, to include all "rights, privileges, powers and immunities with regard to specific land . . . which exist only in a particular person." Restatement of Property § 5 comment d (1936). Such a broad understanding of the phrase is not universal, however. Many courts, for example, specifically have stated that a license is not an interest in land. E.g., *Chelsea Yacht Club* v. *Mystic River Bridge Auth.*, 330 Mass. 566, 568 (1953); *Chase* v. *Aetna Rubber Co.*, 321 Mass. 721, 724 (1947); *Baseball Publishing Co.* v. *Bruton*, 302 Mass. 54, 55 (1938); *Booker* v. *Cherokee Water Dist.*, 651 P.2d 452, 453 (Colo. Ct. App. 1982); *Waterville Estates Ass'n* v. *Campton*, 122 N.H. 506, 508-509 (1982). See G. Korngold, Private Land Use Arrangements § 7.01 (1990); J.W. Bruce & J.W. Ely, Easements and Licenses in Land par. 1.03[1] (1988 & Supp. 1991). It is clear, however, that " 'complete property' in (or 'full ownership' of) [land] may be divided into smaller segments or 'interests.' " R.A. Cunningham, W.B. Stoebuck, & D.A. Whitman, Property § 1.2, at 6 (1984). Restatement of Property, *supra* at § 5 comment e. Thus, while the authorities do not furnish one precise definition which can be easily applied to the statute and documents at issue, they do support an understanding of each unit owner's "interest" in the common areas as composed of a number of smaller interests. Clearly, a transfer of the sum total of a unit owner's interests in a portion of the common area to another unit owner would affect percentage interest in the common area of both owners. It is not necessary, however, to transfer the sum of one owner's interests in a portion of land in order to change the comparative interests held by each. Transfer of an interest that is smaller than an "ownership" interest would suffice to alter the percentage interest held by each.

The common law thus recognizes interests in land which are less than an "ownership" interest. There is no indication that in c. 183A, § 5, the Legislature intended to be more restrictive, and to use the term "interest" to mean only "ownership interest" or "fee simple interest." Absent any such indication, we may not narrow the applicability of the statute. See *Commercial Wharf East Condominium Ass'n* v. *Waterfront Parking Corp.*, 407 Mass. 123, 129 (1990) (recognizing nonownership rights in condominium property); *Purity Supreme, Inc.* v. *Attorney Gen.*, 380 Mass. 762, 782 (1980). The language of the master deed and the trust instrument tracks the language of c. 183A. We see no indication that the parties intended the term "interest" to have a different meaning in the trust and the master deed than it has in the statute. We conclude that the common law, the condominium statute, and the condominium documents are all properly interpreted as recognizing interests in land which are less than an ownership interest. We therefore reject the defendants' argument that only the transfer of an "ownership" interest in a common area could alter a unit owner's percentage interest and thus would require the unanimous consent of the unit owners.

We still must consider, however, whether the particular changes in use restrictions contained in this by-law amendment were sufficient to affect the percentage interest in the common property held by the plaintiff. The defendants contend that the amendment simply constitutes an alteration in allowable uses of common areas, which does not require unanimous consent of all unit owners. Essentially, their argument is that the use restriction in the amendment did not create or transfer any interest in the common property.

The amendment contained two elements: first, the owners of unit eleven are allowed to use the common area outside their unit free of the use restrictions which apply to all other unit owners and all other areas. Second, the area outside unit eleven is assigned for the exclusive use of unit eleven. Thus, all other unit owners are excluded from any further use of that portion of the common area.

None of the common law categories of rights in land describes precisely the rights granted by the amendment, perhaps because condominiums are essentially creatures of statute. However, because the Massachusetts condominium statute does not address the issue before us, we look to the common law as a means of analyzing the nature of the rights created by the by-law. See *Commercial Wharf East Condominium Ass'n, supra* (referring to common law of easements to determine nature of an interest in common areas retained by the developer). See also G. L. c. 183A, § 3 (a condominium unit and associated interest in common areas constitutes real estate); *Beaconsfield Towne House Condominium Trust v. Zussman,* 401 Mass. 480, 484 (1988) (claim under G. L. c. 183A, § 5, constitutes an action concerning an interest in land).

The rights granted by the amendment contain some characteristics of an easement or a lease, which are interests in land, and some characteristics of a license, which is not an interest in land. See *Baseball Publishing Co., supra* at 55, 58. The rights are revokable, because unit owners holding 75% of the interest in the condominium association can change the amendment. Revocability is a primary characteristic of a license, but is not characteristic of an easement. See J.W. Bruce & J.W. Ely, Easements and Licenses in Land, *supra* at par. 1.03[1]. The rights are not personal, but are granted to the owners of unit eleven. Both leases and licenses are typically personal in nature, see G. Korngold, Private Land Use Arrangements, *supra* at §§ 7.02, 7.03; H. Stavisky & R.A. Greeley, Landlord and Tenant Law § 171 (1977); most easements are not. The amendment grants exclusive use of the area. Exclusive use is not characteristic of a license, but is a primary characteristic of a lease. See *Commercial Wharf East Condominium Ass'n, supra* at 134. We need not pin a label on the rights granted by this by-law in order to determine that the by-law contains critical characteristics of the common law categories which are interests in land. We conclude that the by-law properly is treated as transferring an interest in land.

We attribute particular significance, as have other courts, to the fact that the by-law granted *exclusive* use of a common area. The other unit owners thus lost all right to use part of the common property, and one unit owner gained the right to use it *exclusively*. The combination of the other unit owners' loss of right to use the property and one owner's gain of an *exclusive* right to use the property is qualitatively different from generalized use regulations. "There is a distinct difference between . . . cases, in which . . . use, control, and/ or ownership of the common areas is taken from some or all of the unit owners and cases in which some reasonable restrictions or regulation of the common areas is imposed on all owners." *Jarvis* v. *Stage Neck Owners Ass'n*, 464 A.2d 952, 956 (Me. 1983). See *Directors of By the Sea Council of Co-Owners, Inc.* v. *Sondock*, 644 S.W.2d 774, 781 (Tex. Ct. App. 1982). The grant of exclusive use to one unit owner of a common area is sufficient to change the relative interest of the unit owners in that common area. *Penney* v. *Apartment Owners of Hale Kaanapali*, 70 Haw. 469, 472 (1989). See *Makeever* v. *Lyle*, 125 Ariz. 384 (Ct. App. 1980); *Stuewe* v. *Lauletta*, 93 Ill. App. 3d 1029 (1981); *Grimes* v. *Moreland*, 41 Ohio Misc. 69 (1974).

The master deed, the condominium trust instrument, and G. L. c. 183A, § 5, all require the unanimous consent of the unit owners for any change in the owners' percentage interest in the common areas.[7] The by-laws amendment at issue was

---

[7] The grant of exclusive use to one unit owner is similar to the creation of a "limited" common area. A limited common area is available for the use of one or more, but not all, unit owners. 1 P.J. Rohan & M.A. Reskin, Condominium Law and Practice § 6.01[5] (1987). The Massachusetts condominium enabling statute is silent on the subject of limited common areas. However, this court has recognized that common areas may exist which, in fact, are used by only some of the unit owners, and that an association may assess maintenance fees to only those owners who use these areas. *Tosney* v. *Chelmsford Village Condominium Ass'n*, 397 Mass. 683, 687 (1986). The exact requirements for creation of a "limited" common area have not been set out. We do note, however, that many State statutes addressing the establishment of "limited" common areas require consent of all unit owners. See, e.g., N.J. Stat. Ann. § 46:8A-2(f) (1989 ed.); 1 P.J. Rohan & M.A. Reskin, *supra*.

Kaplan *v.* Boudreaux.

adopted without the unanimous consent of the unit owners. The amendment therefore violated G. L. c. 183A, § 5 (*b*), and the terms of the master deed and the condominium trust instrument. Under the master deed and the trust instrument, the amendment is invalid and has no effect.

The judgment for the defendants on the issue of the validity of the amendment is reversed, and on remand a declaration should be entered that the amendment is invalid.

*So ordered.*