THE DIBIASE CORPORATION *vs.* LISA JACOBOWITZ & others, trustees.[1] March 5, 1998. *Condominiums,* Master deed. *Real Property,* Condominium.

This case came before the court on our granting the plaintiff's application for further appellate review.

For the reasons set forth by the Appeals Court in its careful opinion, the judgment of the Superior Court must be reversed. See *DiBiase Corp.* v. *Jacobowitz*, 43 Mass. App. Ct. 361 (1997). In particular, we agree with the Appeals Court that G. L. c. 183A is essentially an enabling act, *Tosney* v. *Chelmsford Village Condominium Ass'n*, 397 Mass. 683, 686-687 (1986), to be interpreted flexibly where the statute does not specifically address the issue in question, in this case the application of G. L. c. 183A, § 8, to the development of this phased condominium development. *DiBiase, supra* at 364 n.5. We note that, while at least fourteen States and the District of Columbia have enacted legislation providing for phased or expanded condominium unit developments in some form, Massachusetts has not done so. Other States have recognized phased condominium unit development without explicit legislative approval, as have we.

We remand the matter to the Superior Court for the entry of a declaratory judgment declaring that title to the subject land is in the unit owners as tenants in common in proportion to their respective individual interests. *Kaplan* v. *Boudreaux*, 410 Mass. 435, 438 (1991).

---

[1]Of the Pickman Park Condominium Trust.

*So ordered.*

*Thomas E. Beatrice* for the plaintiff.
*Seth H. Emmer* (*MaryLou Muirhead* with him) for the defendants.