Connor, J.
The plaintiff, owner of a unit in a duplex condominium, commenced the present action to seek contribution for the cost of a septic system she was required to upgrade for the benefit of both units in order to comply with Title V of the State Sanitary Code. Judgment entered for the defendants and the plaintiff has appealed. The issue we decide is whether a unit owner in a condominium complex has a right to compel another unit owner to contribute to an improvement to an element of the common area which is solely for the benefit of both unit owners. We conclude that a unit owner has no such right
On a single tract of land in Taunton, Massachusetts stand eighteen (18) duplex residential buildings, each of which is a separate condominium, named Sabbatia Cliff Condominium Two through Sabbatia Cliff Condominium Nineteen. Each has its own association with by-laws. Together they are members of and governed by a master association entitled Sabbatia Cliff Condominium Association Complex (the “Association”).
The master deed of each condominium describes the boundaries of the units as confined to the interior space in the unit All remaining parts of the building and the grounds comprise the common area. The Association under Article II, §2 (h) of its by-laws reserves to itself the responsibility for repairs and replacement of the common area. Article IV, §7 states that those repairs and replacements “shall be made by the managing board and be charged to the unit owners.” Not excepted from these requirements is the plumbing system. See Article IV, §9.
The plaintiff owned one unit in Sabbatia Cliffs Condominium Ten. In order to sell the unit she was required to upgrade the septic system of the condominium to comply with 310 C.M.R. 15.00 et seq., known as Title V of the State Sanitary Code. The defendants were the owners of the other unit in the condominium and refused to contribute to the upgrade. The plaintiff arranged for the repairs to the system and paid for the entire cost herself. Although she made an informal request to a trustee of the Association to upgrade the system, the plaintiff never formalized the request and consequently it was not acted upon.
The repairs to common areas of the Sabbatia Cliff Condominiums are governed not only by the provisions of the by-laws of Sabbatia Cliffs Condominium Association Complex but also by G.L.c. 183A §10 which states that the unit owners as tenants in common are owners of the common area See Kaplan v. Boudreaux, 410 Mass. 435, 438 (1991). “However the management and control of the common areas... is vested in the organization of unit owners.” Berish v. Bornstein, 437 Mass. 252, 265 (2002). When there are defects or other problems in the common area the organization of unit owners has the exclusive right to seek a remedy. G.L.c. *188 183A, §10 (b) (4). The organization “is the only party that may bring litigation relating to the common areas” on behalf of a unit owner. Straus v. Oyster River Condominiums Trust, 417 Mass. 442, 445 (1995). Not only do the Trustees have the right to force contribution, they also have the right to impose a lien on the interest of unit owners sharing the benefits of any improvement G.L.c. 183A, §6.
The plaintiff argues that equity mandates that the expenses for the upgrade of the septic system should be borne by owners of both units but she fails to recognize that the decision to make and enforce such a demand rests solely with the Association.
The judgement of the District Court is affirmed.
So ordered.