# DECISIONS

## OF THE

## APPEALS COURT

## OF

## MASSACHUSETTS

STEPHANIE LALLO & another[1] *vs.* MARICA SZABO & another.[2]

No. 07-P-1513.

Middlesex. November 4, 2008. - August 20, 2009.

Present: GREEN, DREBEN, & KATZMANN, JJ.

*Practice, Civil,* Summary judgment. *Real Property,* Condominium. *Condominiums,* Common area, Master deed.

In a Superior Court action brought by plaintiffs against the defendants, seeking declaratory judgment on the interpretation of certain condominium documents governing the two-unit condominium in which they all lived, the judge erred in granting summary judgment in favor of the plaintiffs and finding that the defendants were legally required to enter into arbitration regarding work the plaintiffs wanted to have done in their unit and in some common areas, where the defendants were entitled to withhold their consent to the proposed work, in accordance with G. L. c. 183A, the condominium statute, given that the proposed work would cause an impermissible change to the defendants' fifty percent interest in the common areas, as established by the terms of the master deed and the unit deeds. [4-7]

---

[1]Stephen Lallo.

[2]Peter Szabo.

CIVIL ACTION commenced in the Superior Court Department on August 15, 2006.

The case was heard by *Dennis J. Curran*, J., on motions for summary judgment.

*Helene Gerstle* for the plaintiffs.

*Marica Szabo & Peter Szabo*, pro se, submitted a brief.

KATZMANN, J. On August 15, 2006, the plaintiffs, Stephanie and Stephen Lallo, brought an action in Superior Court against the defendants, Marica and Peter Szabo, seeking declaratory judgment on the interpretation of certain condominium documents governing the two-unit condominium in which they all live. Specifically, the plaintiffs sought a finding that the defendants were legally required to enter into arbitration regarding work the plaintiffs wanted to have done in their unit and in some common areas. Both parties moved for summary judgment. A judge issued a ruling for the plaintiffs. The defendants now appeal.

*Background.*[3] On July 21, 2003, a duplex located at 20-22 Holland Street in Newton was converted into a condominium pursuant to G. L. c. 183A, by the recording of a master deed. The condominium floor plans were recorded with the master deed. The building contains two floors, plus a basement and an attic. The plans for the first and the second floors are virtually identical, with each containing a living room, a dining room, a kitchen, a study, two bedrooms, and one bathroom.

The defendants currently reside in unit 22 of the condominium, which consists primarily of the building's first floor, with a total of 1,361 square feet. The plaintiffs currently reside in unit 20 of the condominium, which includes both the second floor and the attic level of the building. Because the attic level provides an additional 1,274 square feet of raw space, unit 20 contains a total of 2,724 square feet. According to the plans, the attic is designated for "storage."

The 20-22 Holland Street Condominium Trust (trust) is an organization of unit owners created pursuant to G. L. c. 183A for the purpose of managing and regulating the condominium. Under article III of the declaration of trust, each unit owner (or

---

[3]We summarize the facts as derived from the pertinent condominium documents and the summary judgment record.

owners) may elect one trustee to the trust. Plaintiff Stephanie Lallo serves as trustee for unit 20, and defendant Marica Szabo serves as trustee for unit 22.

Each unit owns a fifty percent undivided ownership interest in the condominium common areas and facilities, and each unit has equal responsibility for common area expenses. According to the master deed, the ownership interest was determined based on "the approximate relation that the fair market value of each Unit . . . bears to the aggregate fair market value of" both units, measured as of the date of the master deed. Amendments to this provision, or any provision of the master deed, require the consent of *all* unit owners. Therefore, unit owners have significant control over all condominium-related decisions.

By letter dated May 23, 2006, the plaintiffs notified the defendants that they wanted to perform work on the interior of their unit in order to convert the attic into a master suite. The plaintiffs also requested permission to modify several common areas of the condominium by extending the back roof line and installing dormers, a roof deck, and a new roof. The defendants responded that they would not agree to any of these proposed changes.

On June 30, 2006, the plaintiffs made another request for their proposal, also stating that if the defendants would not cooperate, the plaintiffs would invoke article IX of the trust document, which required disputes to be settled by arbitration.[4] The defendants responded again that they would not approve the proposed modifications and refused to enter arbitration. They further maintained that the arbitration clause in the trust document was inapplicable because the plaintiffs' request, on its face, required a change in the master deed. Such a change required the unanimous consent of the unit owners, and because such consent was lacking, there was no "dispute" subject to arbitration.

The judge determined that the condominium documents unambiguously called for the trustees' approval regarding certain structural changes. Furthermore, the judge ruled that the defendants had engaged in a "dispute" with the plaintiffs by refusing

---

[4]According to article IX, "In the event of a dispute (a) between the Owners of the Units or (b) between the Trustees as to any matter involving this Trust, the Master Deed or the Condominium generally, either of the disputing parties shall: Refer the matter to binding arbitration."

the proposal and therefore were required by the trust document to enter into binding arbitration.

*Discussion.* We review the evidence according to the familiar summary judgment standard. Summary judgment is appropriate if, "viewing the evidence in the light most favorable to the non-moving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law." *Augat, Inc.* v. *Liberty Mut. Ins. Co.*, 410 Mass. 117, 120 (1991), citing Mass.R.Civ.P. 56(c), as amended, 436 Mass. 1404 (2002). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue on the record. *Pederson* v. *Time, Inc.*, 404 Mass. 14, 17 (1989). An appeal based on a summary judgment motion is subject to a de novo review by this court. *Fortenbacher* v. *Commonwealth*, 72 Mass. App. Ct. 82, 85 (2008).

A. *Condominium ownership.* Condominium ownership is generally characterized by the relinquishment of some "personal choice" in exchange for the benefits that may be derived from associating with other property owners. *Franklin* v. *Spadafora*, 388 Mass. 764, 769 (1983). A person's ownership of a condominium unit includes an exclusive fee interest in the individual unit, but is subject to limitations set forth in the master deed and the condominium by-laws. G. L. c. 183A, § 4. Compare *Strauss* v. *Oyster River Condominium Trust*, 417 Mass. 442, 452 (1994). Unit ownership also includes "an undivided interest with all other unit owners in the condominium's common areas and facilities." *Golub* v. *Milpo, Inc.*, 402 Mass. 397, 400 (1988). It is therefore a hybrid interest in real estate, entitling the owner to both exclusive possession of his unit and an undivided interest as tenant in common with other unit owners in the common areas. *Noble* v. *Murphy*, 34 Mass. App. Ct. 452, 455-456 (1993).

B. *The plaintiffs' proposal.* In order to convert the attic into a master suite, the plaintiffs proposed changes to the interior of their unit, such as the construction of a bedroom, a bathroom, a walk-in closet, a small office, a laundry closet, and skylights. Because the building's roof is pitched above the attic, with a height of approximately seven to seven and one-half feet, living space cannot be constructed without exterior changes to the building. Therefore, the plaintiffs also proposed modifications that would affect the condominium's common areas, including

the extension of the back roof line and the installation of dormers, a roof deck, and a new roof.[5]

In our analysis, we will not discuss the interpretation of the trust document as the Commonwealth's condominium statute is ultimately decisive.[6]

General Laws c. 183A sets out certain minimum requirements for establishing a proper condominium. *Tosney* v. *Chelmsford Village Condominium Assn.*, 397 Mass. 683, 686 (1986). It contains a comprehensive scheme for defining and governing the common areas. *Beaconsfield Towne House Condominium Trust* v. *Zussman*, 401 Mass. 480, 483 (1988). According to the statute, each unit owner is entitled to an undivided percentage interest in the common areas, reflecting "the approximate relation that the fair value of the unit on the date of the master deed bears to the then aggregate fair value of all the units." G. L. c. 183A, § 5(*a*), inserted by St. 1963, c. 493, § 1. The statute explicitly mandates that the percentage of undivided interest in the common areas held by each unit owner cannot be altered without the consent of *all* unit owners whose percentage is affected, and that any such alteration can be achieved only by an amendment to the master deed. G. L. c. 183A, § 5(*b*). See *Kaplan* v. *Boudreaux*, 410 Mass. 435, 438 (1991).

In *Kaplan, id.* at 436, a condominium owner brought suit challenging the validity of an amendment to the condominium by-laws which allowed owners of one unit to have exclusive use of a common walkway leading to their unit. The lower court judge declared the amendment valid; however, the Supreme Judicial Court reversed, stating that "[t]he grant of exclusive use to one unit owner of a common area is sufficient to change the relative interest of the unit owners in that common area." *Id.* at 436, 443. The court held that the amendment to the by-laws was invalid as it was adopted without the unanimous consent of the unit owners, therefore violating the provisions both in the condominium docu-

[5]The plaintiffs seek to replace the roof because they want to extend the roof line due to the installation of dormers and a roof deck. At oral argument, they stated that if they do not prevail on appeal and are not permitted to make these latter changes, they will not bother with installing a new roof.

[6]Indeed, paragraph 8.3.1 of the trust document states, "In the event of a conflict between the Trust and said Chapter 183A, as amended, the provisions of Chapter 183A shall control."

ments and in G. L. c. 183A, § 5, requiring the consent of all unit owners. *Id.* at 443-444.

Similarly, in *Strauss* v. *Oyster River Condominium Trust*, 417 Mass. at 445, the court noted that unit owners' expansion of their unit into the common areas altered the percentage of the undivided interest that each owner had in the common areas. The court held that the expansions had to be approved unanimously by the unit owners, and the master deed purporting to authorize expansion upon the approval of a majority of trustees was unlawful as it violated G. L. c. 183A, § 5. *Id.* at 446-447. See *Suprenant* v. *First Trade Union Sav. Bank, FSB*, 40 Mass. App. Ct. 637, 640-641 (1996) (holding that amendment to master deed that required only seventy percent approval was an invalid attempt to circumvent G. L. c. 183A, § 5[*b*], which requires the approval of all owners whose percentage interest will be affected).

Here, under the terms of the master deed and the unit deeds, units 20 and 22 are both entitled to a fifty percent interest in the common areas. The plaintiffs' proposal to extend the roof line and to install a dormer and an outdoor deck would alter the common areas of the condominium and thus cause an impermissible change to the defendants' fifty percent interest. G. L. c. 183A, § 5(*b*). The proposed modifications require the use of common area space, primarily the roof, for the sole benefit of the plaintiffs. Installing dormers and a roof deck would take sections of the roof and essentially allocate them to the plaintiffs. Dramatically expanding the living area of the unit by (in part) incorporating portions of the common areas alters the relative values of the units and therefore alters the respective shares of the common areas. In short, "[t]he grant of exclusive use to one unit owner of a common area is sufficient to change the relative interest of the unit owners in that common area." *Kaplan* v. *Boudreaux, supra* at 443.

The condominium statute explicitly requires that *all* owners give consent before their percentage interest in the common areas is affected; all portions of the plaintiffs' proposal that would do so are therefore impermissible without the defendants' consent. See G. L. c. 183A, § 5(*b*). The defendants have unambiguously stated that they will withhold consent to a change in their fifty percent interest, and as a matter of law, they are entitled to do so. What only can be accomplished through the consent of all

condominium unit owners cannot be effectuated by an arbitrator's decision over the objection of a dissenting unit owner. If we were to hold otherwise, every condominium organization could sidestep the requirements of G. L. c. 183A, § 5(*b*), by providing that any disputes regarding the condominium be arbitrated. Such a result would effectively render the condominium statute, and the legislative scheme behind it, meaningless.

*Conclusion.* We reverse the order allowing summary judgment for the plaintiffs and remand the case for entry of summary judgment for the defendants.[7]

*So ordered.*

---

[7]We decline the plaintiffs' request for appellate attorney's fees.