NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

16-P-1143                                            Appeals Court

MANUEL J. CALVAO & another[1] vs.  KATHLEEN E. RASPALLO.


No. 16-P-1143.

Barnstable.     May 31, 2017. - September 29, 2017.

Present:  Green, Wolohojian, & Ditkoff, JJ.


Condominiums, Common area, Master deed.  Real Property,
    Condominium, Restrictions.  Practice, Civil, Summary
    judgment.


    Civil action commenced in the Superior Court Department on
December 14, 2011.

    The case was heard by Christopher J. Muse, J., on a motion
for summary judgment, and a motion for equitable relief,
assessment of damages, and entry of final judgment was heard by
him.


    Peter S. Farber for the defendant.
    Brian J. Wall for the plaintiffs.


    DITKOFF, J.  The defendant, Kathleen Raspallo, appeals from

a Superior Court judgment requiring her, inter alia, to remove

an addition she constructed on condominium common area assigned

_____

    [1] Brenda E. Calvao.

to the exclusive use of her unit.  Construing G. L. c. 183A,
§ 5, we determine that a unit owner may not annex exclusive use
common area[2] to her unit without the unanimous consent of the
other unit owners holding a legal interest in that common area.
Discerning no error in the judge's other conclusions, we affirm.

     1.  Background.  We summarize the relevant facts of this
case as presented to the judge on motion for summary judgment
and the subsequent equitable relief hearing.  The Tall Pines
Condominium in the town of Dennis consists of two units
separated by approximately thirty-two feet.  Manuel and Brenda
Calvao own unit 1, and Kathleen Raspallo owns unit 2, which she
has used as her full-time residence since she purchased it in
2003.  The vast majority of the common area is designated for
the exclusive use of one or the other unit.  The master deed
grants unit 1 forty-six percent of the beneficial interest in
the condominium and unit 2 fifty-four percent of the beneficial
interest.

     In 2011, Raspallo began renovations on her unit, which
included an approximately 111 square foot addition built on
common area designated for her exclusive use.  In order to
acquire the necessary permits from the town, Raspallo had the

_____

     [2] We use the phrase "exclusive use common area" to refer to
"limited common areas and facilities," as defined by G. L.
c. 183A, § 1, that are assigned for the exclusive use of a
single unit.

condominium developer, Robert David, who was the sole condominium trustee, unilaterally appoint Raspallo as the sole trustee. Despite the Calvaos' objections, Raspallo obtained the permits and completed renovations in 2012. The Calvaos promptly filed the present action in Superior Court, both on their own behalf and derivatively for the condominium board of trustees.

On motion for summary judgment, the judge determined that the master deed prohibited David from appointing Raspallo as trustee in 2011 without the Calvaos' consent.[3] The judge found Raspallo liable for her unilateral actions and ordered the parties to have meaningful discussions regarding the appointment of a new trustee and the issue of waste and undue hardship before the judge determined a remedy. While the parties were discussing a resolution the court appointed a mutually agreed upon trustee. Ultimately, the parties were unable to reach a resolution and at the subsequent remedy hearing the judge ordered the removal of the addition. The judge also concluded that the master deed limits the use of unit 2 to seasonal occupation, enjoined Raspallo from year-round residence, and awarded the Calvaos $36,291.53 in attorney's fees.

---

[3] Raspallo now agrees that this ruling was correct and, therefore, Raspallo was never a lawful trustee. The Calvaos agree that, as a result, Raspallo never owed a duty as trustee, and we need not address the Calvaos' breach of fiduciary duty claim.

2.  <u>Standard of review</u>.  We review the grant of summary judgment on liability de novo to decide "whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law."  <u>Karatihy</u> v. <u>Commonwealth Flats Dev. Corp</u>., 84 Mass. App. Ct. 253, 255 (2013), quoting from <u>Augat, Inc</u>. v. <u>Liberty Mut. Ins. Co</u>., 410 Mass. 117, 120 (1991).  A decision involving the "imposition of equitable remedies" rests with the trial judge and is subject to review only for an abuse of discretion.  <u>Cavadi</u> v. <u>DeYeso</u>, 458 Mass. 615, 624 (2011), quoting from <u>Demoulas</u> v. <u>Demoulas</u>, 428 Mass. 555, 589 (1998).

3.  <u>Discussion</u>.  a.  <u>Condominium addition</u>.  Expansion of a condominium unit into a common area requires the unanimous consent of all condominium owners, regardless of whether the master deed purports to allow such an expansion with the consent only of the condominium trustees.  See G. L. c. 183A, § 5(<u>b</u>)(1);[4] <u>Strauss</u> v. <u>Oyster River Condominium Trust</u>, 417 Mass. 442, 445 (1994).  The question presented here is whether this

---

[4] General Laws c. 183A, § 5(<u>b</u>)(1), as appearing in St. 1998, c. 242, § 5, states, "The percentage of the undivided interest of each unit owner in the common areas and facilities as expressed in the master deed shall not be altered without the consent of all unit owners whose percentage of the undivided interest is materially affected, expressed in an amendment to the master deed duly recorded," with some exceptions not relevant here.

principle applies where the common area in question is dedicated pursuant to the master deed for the exclusive use of the encroaching owner. If this principle does not apply, Raspallo could have built her addition with the consent of the trustee and, she argues, she should be able to ask the newly appointed trustee for retroactive approval. We conclude that the requirement for unanimous consent applies in this circumstance.

"The condominium is a form of property ownership in which the unit owner retains an exclusive fee interest in his individual unit in addition to an undivided interest with all other unit owners in the condominium's common areas and facilities." Golub v. Milpo, Inc., 402 Mass. 397, 400 (1988). Raspallo's view would allow condominium trustees unilaterally to eliminate an owner's undivided interest in portions of the common areas, thus negating the essence of condominium ownership.

The amendments to G. L. c. 183A, § 5, in 1994, see St. 1994, c. 365, and 2014, see St. 2014, c. 483, fortify our view. These amendments, enacted in response to Kaplan v. Boudreaux, 410 Mass. 435, 443 (1991), permit the condominium trustees to grant any unit owner exclusive use of any portion of the common area without the unanimous consent of the unit owners. See

G. L. c. 183A, § 5(b)(2)(ii), 5(c).[5] Were we to adopt Raspallo's view, the condominium trustees could unilaterally assign common area to the exclusive use of a unit owner and then allow that unit owner to take fee simple possession of that former common area by building on it. See G. L. c. 183A, § 4; Golub, supra. Instead, we recognize that a unit owner has legal ownership of the common areas, whether or not they are for the exclusive use of another unit, and cannot be deprived of that ownership without her consent. Regardless of whether there is a practical benefit to the legal interest that the Calvaos hold in Raspallo's exclusive use common land, Raspallo may not unilaterally assert fee simple ownership over it. See Strauss, 417 Mass. at 445.

As the trustee cannot, as a matter of law, consent to Raspallo's expansion, the judge properly exercised his discretion to determine the proper remedy for Raspallo's unlawful addition. The judge weighed the fact that "Raspallo flaunted her obligation to get prior approval of the other unit owner," the feasibility of removing the addition for "significantly less than" $30,000, and the substantial change the addition works to the character of the collective premises.

---

[5] The 2014 amendment allows condominium trustees to grant easements or limitations on the use of common area without amending the master deed or site plan. See St. 2014, c. 483.

We discern no abuse of discretion in the trial judge's determination that equities here favored removal of the addition.  See Calci v. Reitano, 66 Mass. App. Ct. 245, 251-252 (2006); Brandao v. DoCanto, 80 Mass. App. Ct. 151, 159 (2011).

b.  Seasonal use.  General Laws c. 183A permits the imposition of reasonable restrictions on the use of units, "and persons who contemplate acquisition of a condominium unit can choose whether to buy into those restrictions."  Woodvale Condominium Trust v. Scheff, 27 Mass. App. Ct. 530, 533-534 (1989).  See G. L. c. 183A, § 4(1).  Here, § 7 of the master deed states that, "except for Unit 1 [the Calvaos' unit], which may be occupied on a year round basis, no Unit may be occupied between November 30th of one year and March 15th of the succeeding year, except that Owners may occupy Units during said period during weekends, holidays and for customary second home recreational use."  The seasonal use restriction unambiguously prohibits Raspallo's year round use.  Raspallo purchased her unit subject to her compliance with the master deed and cannot now claim the right to occupy her unit year round.  The judge acted within his discretion by enforcing the express provisions of the master deed and enjoining Raspallo from using her condominium as a year round residence.

c.  Attorney's fees.  The Calvaos brought this suit as a

derivative action on behalf of the condominium board of

trustees.[6]  "A derivative suit is brought where the management of

an association of condominium unit owners has failed or refused

to redress a wrong committed against that association. . . .

The wrong complained of must have been committed against the

association itself, not the member of the association."  Cote

v. Levine, 52 Mass. App. Ct. 435, 439 (2001).  The judge found

that Raspallo's exterior additions "substantially changed the

inherent structure and character of [Raspallo's] unit and

transformed the character of the collective premises."  We

discern no clear error in the judge's findings.  See Klairmont

v. Gainsboro Rest., Inc., 465 Mass. 165, 183 (2013).

General Laws c. 183A, § 6(a)(ii), provides:  "If any

expense is incurred . . . as a result of the unit owner's

failure to abide by the requirements of [the statute] or the

requirements of the master deed, trust, . . . or by the

misconduct of any unit owner," the condominium organization may

assess the expense, including attorney's fees, "exclusively

against the unit owner."  As the Calvaos vindicated the

---

[6] Raspallo argues that their derivative action does not comply with the pleading requirements of Mass.R.Civ.P. 23.1, 365 Mass. 768 (1974), which requires a verified complaint containing certain specified information, but she failed to preserve her procedural objection below.

condominium board's rights and the statute allows the assessment of attorney's fees in such matters, the judge acted within his broad discretion in assessing fees.  See Brady v. Citizens Union Sav. Bank, 88 Mass. App. Ct. 416, 420 (2015).

4. Conclusion.  The judgment is affirmed.  The order denying the motion for additional findings of fact, for reconsideration, and for amendment of the judgment dated May 3, 2016, is affirmed.

So ordered.