**ROBERT C. PENNEY** and **P. JEAN PENNEY**, husband and wife, Plaintiffs–Appellants, v. **ASSOCIATION OF APARTMENT OWNERS OF HALE KAANAPALI**, an association of apartment owners, Defendant, **HALE KAANAPALI HOTEL ASSOCI-ATES**, a Hawaii limited partnership, Defendant–Appellee, **JOHN DOES AND JANE DOES**, individuals, **PARTNERSHIPS, COR-PORATIONS, TRUSTEES OR OTHER ENTITIES 1–500**, Defendants

NO. 13113

(CIV. NO. 86–0451(3))

JUNE 19, 1989

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY WAKATSUKI, J.

Robert C. Penney and P. Jean Penney (Plaintiffs–Appellants) are owners of an apartment in Hale Kaanapali, a condominium project which has both residential/hotel apartments and apartments used as commercial spaces. Hale Kaanapali Hotel Associates, a Hawaii Limited Partnership, (Defendant–Appellee) is the owner of an apartment designated in the Declaration of the horizontal property regime as Building F constituting a

snack bar containing 625 square feet except for the two bathrooms which are common elements within the Building. When a special meeting was called for the purpose of amending the Declaration, Defendant–Appellee had approximately 72.3% of the common interest of the condominium project and controlled another 4.53% interest by proxies. The amendment proposed to change a common area of approximately 2,664 square feet which was used as the Association clubhouse area including the restrooms from a common element to a limited common element for Defendant–Appellee's exclusive use. The proposed amendment was approved by a vote of 76.83% of the interest of all the apartment owners.

Plaintiffs–Appellants contended in the circuit court that the amendment is invalid because approval of 100 percent of the ownership interest is required to change a common element to a limited common area for the exclusive use by an apartment owner. The circuit court held the amendment to the Declaration to be valid. We disagree.

Hawaii Revised Statutes (HRS) § 514A–13(b) (1985) provides:

The common interest appurtenant to each apartment as expressed in the declaration shall have a permanent character and shall not be altered without the consent of all the apartment owners affected[.]

In contrast, HRS § 514A–13(d)(1) (1985) permits the board of directors of the association of apartment owners "upon the approval of the owners of seventy–five per cent of the common interests, to change the use of the common elements."

Defendant–Appellee contends that the amendment to the Declaration is merely a change in the use of the common elements, and therefore, § 514–13(d)(1) applies. This would require an approval of only 75 percent of the common interests.

The change of *use* of a common element (*e.g.*, changing from shuffleboard to tennis court, or erecting a maintenance shed on what was open space), and conversion of a common element to a limited common element are significantly different. In the former, the benefit to all the apartment owners is not diminished. In the latter, however, the benefit to all the apartment owners is significantly diminished by the restricted and exclusive use of the limited common area to one or fewer than all of the apartment owners. "In effect, then, the common elements as to all other tenants have thereby been diminished." *Stuewe v. Lauletta*, 93 Ill. 3d 1029, 1031, 418 N.E.2d 138, 140 (1981).

Defendant–Appellee further contends that although there may be an alteration to the common elements, § 514A–13(b) requires unanimous consent only when the common *interest* is altered.

"Common interest" is defined as the *percentage* of undivided interest in the common elements appertaining to each apartment. HRS § 514A–3 (1985). Since the percentage of undivided interest in the common elements owned by each apartment owner will remain the same, Defendant–Appellee reasons that § 514A–13(b) is inapplicable. We disagree.

We agree with the Florida appellate court which stated:

An undivided interest [in the common elements] is an undivided interest in the whole and when that whole changes, that interest, if not the percent, also changes.

*Tower House Condominium, Inc. v. Millman*, 410 So. 2d 926, 930 (Fla. Dist. Ct. App., 3d Dist. 1981). *See also Grimes v. Moreland*, 41 Ohio Misc. 69, ____, 322 N.E. 2d 699, 703 (1974) ("Fencing–in of one area for almost exclusive use of one unit owner will not alter the percentage interest of the other unit owners (each will still have this approximately 6% interest) but it will mean that each unit owner will have 6% of the smaller remaining common area.")

For all intents and purposes, converting a common element to a limited common element diminishes the common interest appurtenant to each apartment. Under HRS § 514A–13(b), we hold that such conversion requires the consent of all the apartment owners.

The circuit court's summary judgment is vacated and this case is remanded for entry of a judgment in accordance with this opinion.

*James R. Judge (Linnel T. Nishioka* with him on the briefs of Foley, Maehara, Judge & Nip) for Plaintiffs–Appellants Robert C. Penney and P. Jean Penney.

*Alexander T. MacLaren (Walter G. Chuck* of Chuck, Jones and MacLaren) for Defendant–Appellee Hale Kaanapali Hotel Associates.