**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000490
29-APR-2026
07:57 AM
Dkt. 52 SO**

NOS. CAAP-24-0000490 and CAAP-25-0000396

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

**CAAP-24-0000490**

MICHEL JABRE and MARILYN WHITEHOUSE,
Plaintiffs-Appellants,
v.
ASSOCIATION OF APARTMENT OWNERS OF KAʻIULANI OF PRINCEVILLE,
Defendant-Appellee,

and

**CAAP-25-0000396**

MICHEL JABRE and MARILYN WHITEHOUSE,
Plaintiffs-Appellants,
v.
ASSOCIATION OF APARTMENT OWNERS OF KAʻIULANI OF PRINCEVILLE,
Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CSP-24-0000002)

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Wadsworth and Guidry, JJ.)

These consolidated appeals arise out of an arbitration

proceeding between Plaintiffs-Appellants Michel Jabre and

Marilyn Whitehouse (**Owners**) and Defendant-Appellee Association of Apartment Owners of Kaʻiulani of Princeville (**AOAO**).  Owners appeal from the Circuit Court of the Fifth Circuit's (**circuit court**)[1]: (1) June 24, 2024 "Order Granting [AOAO's] Motion to Modify the Final Award in DPR No. 22-0639-A, Dated January 16, 2024 [Dkt. 18] and Denying [Owners'] Amended Motion for an Award to Confirm the Arbitration Award of the Arbitrator, Dated January 16, 2024 in DPR No. 22-0639-A and for Judgment in Conformity Therewith" (**Order to Modify**); (2) December 23, 2024 "Order Granting [AOAO's] Amended Motion for Award of Attorneys' Fees and Costs as Prevailing Party on Motion to Modify Final Award, [Dkt 50], Filed July 8, 2024"; and (3) April 21, 2025 "Final Judgment."

This case involves a dispute over the AOAO's amendment of its Declaration to allow lanai additions, including support pillars, for some of the units.  The dispute was arbitrated.  On January 16, 2024, the arbitrator entered his "Decision and Final Award of Arbitrator" (**arbitration award**), which invalidated the amendment and described what the AOAO had to do to validly amend its Declaration.  Owners moved to confirm the arbitration award.  The AOAO moved to modify the arbitration award, contending the arbitrator made a mistake of law.  The circuit court granted the

---

[1]    The Honorable Randal G.B. Valenciano presided.

motion to modify and awarded the AOAO attorneys' fees and costs. Owners appeal.

Owners set forth six points of error[2] on appeal, contending that the circuit court erred by: (1) "exceeding its authority to modify the arbitration award under [Hawaii Revised Statutes (**HRS**)] §[ ]658A-24[ (2016)]"; (2) "holding that the arbitrator's use of [Penney v. Ass'n of Apartment Owners of Hale Kaanapali, 70 Haw. 469, 776 P.2d 393 (1989)] was a mistake of law"; (3) "holding that a mistake of law was grounds for modifying an arbitration award"; (4) "overlooking the established policy that gives deference to arbitration awards when modifying the arbitration award"; (5) "enter[ing] its order granting [AOAO's] motion for attorneys' fees and costs"; and (6) "enter[ing] [the] Final Judgment."

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Owners' points of error as follows:

(1) Owners' points of error (1) through (4) collectively challenge the circuit court's modification of the arbitration award. "Judicial review of an arbitration award is

---

[2]     We refer to the errors alleged in the Owners' "Questions Presented" sections as the Owners' points of error. Points of error (1) through (4) are raised in both CAAP-24-0000490 and CAAP-25-0000396. Points of error (5) and (6) are raised in CAAP-25-0000396.

confined to the strictest possible limits, and a court may only

. . . modify or correct [the award] on the grounds specified in

HRS § 658A-24." State of Haw. Org. of Police Officers (SHOPO)

v. County of Kauaʻi, 135 Hawaiʻi 456, 461, 353 P.3d 998, 1003

(2015) (cleaned up). "This standard applies to both the circuit

court and the appellate courts." Id. (citation omitted).

HRS § 658A-24 states, in relevant part:

(a) Upon motion made within ninety days after the movant receives notice of the award pursuant to section 658A-19 or within ninety days after the movant receives notice of a modified or corrected award pursuant to section 658A-20, the court shall modify or correct the award if:

(1) There was an evident mathematical miscalculation or an evident mistake in the description of a person, thing, or property referred to in the award;

(2) The arbitrator has made an award on a claim not submitted to the arbitrator and the award may be corrected without affecting the merits of the decision upon the claims submitted; or

(3) The award is imperfect in a matter of form not affecting the merits of the decision on the claims submitted.

(b) If a motion made under subsection (a) is granted, the court shall modify or correct and confirm the award as modified or corrected. Otherwise, unless a motion to vacate is pending, the court shall confirm the award.

Here, the circuit court's modification of the

arbitration award is not authorized by HRS § 658A-24. The

circuit court modified the arbitration award to, inter alia,

require that the challenged amendment to the AOAO's Declaration[3]

_____

[3] The AOAO sought to amend its Declaration to allow for, inter alia, the installation of pillars that were necessary to support construction of second floor lanais for some residents.

be approved by a 67% ownership voting threshold, pursuant to HRS

§§ 514B-32(a)(11) and 514B-140(b) (2018), rather than a 100%

ownership voting threshold, pursuant to Penney, 70 Haw. at 470,

776 P.2d at 395.[4]

The arbitration award's Conclusions of Law (**COLs**) 16

and 17 originally read as follows:

> 16. In [Penney], the Court held that when a common area changes from common element to limited common element for a single owner's exclusive use, a unanimous vote of the ownership is required. [Penney] is still good law albeit with distinct but pertinent facts.
>
> 17. The [a]mendment is invalid because it did not pass with a unanimous vote of the ownership, as required by [Penney] in this situation.

As modified, the circuit court's amended COLs 16 and

17, and new COLs 18 and 19, read as follows:

> 16. The Board, on behalf of the [AOAO], has the right to lease or otherwise use for the benefit of the [AOAO] those common elements that the board determines are not actually used by any of the unit owners for a purpose permitted in the declaration. HRS § 514B-38(5).
>
> 17. Such a lease shall have a term of no more than five years, unless the lease is approved by the [AOAO's] members of at least 67% of the common interest. HRS [§] 514B-38(5).
>
> 18. The Declaration may be amended at any time by a vote of the [AOAO's] members of at least 67% of the common interest. HRS § 514B-32(a)(11).

---

[4] Penney's holding was based upon HRS § 514A-13(b) (1985), which stated that "[t]he common interest appurtenant to each apartment as expressed in the declaration shall have a permanent character and shall not be altered without the consent of all the apartment owners affected." 70 Haw. at 470, 776 P.2d at 395; see also Lee v. Puamana Cmty. Ass'n, 109 Hawaiʻi 561, 575, 128 P.3d 874, 888 (2006). Subsequent to Penney, the Hawaiʻi State Legislature adopted HRS chapter 514B, which limited Penney's application by specifying a 67% member voting threshold for amendment of a condominium project's declaration to permit the "lease or use" of "common elements." HRS § 514B-38 (2018).

19. Unit owners may make or allow material additions or alterations by obtaining the written consent of 67% of unit owners, the consent of all unit owners whose units or appurtenant limited common elements are directly affected, and the approval of the board, which shall not unreasonably withhold such approval.  HRS § 514B-140(b).

It appears that the circuit court's modifications to the arbitration award essentially sought to correct mistakes of law.  HRS § 658A-24 does not authorize modification to correct a mistake of law.  "[W]here the parties agree to arbitrate, they thereby assume all the hazards of the arbitration process, including the risk that the arbitrators may make mistakes in the application of law and in their findings of fact."  Schmidt v. Pac. Benefit Servs., Inc., 113 Hawaiʻi 161, 165, 150 P.3d 810, 814 (2006) (citation omitted).

The AOAO argues that the circuit court's modification of the arbitration award is nevertheless appropriate under the "inherent powers doctrine" and the "public policy exception." The AOAO cites cases that stand for the proposition that, as a general matter, courts have inherent authority to correct mistakes.  The AOAO does not, however, cite any legal authority that supports the proposition that a reviewing court has inherent authority to modify *an arbitration award* in a way that exceeds the scope of HRS § 658A-24.

Moreover, the limited "public policy exception" does not apply here.  In Gepaya v. State Farm Mutual Automobile Insurance Co., the Hawaiʻi Supreme Court acknowledged that,

although there are "only three [statutory] grounds for modifying or correcting an [arbitration] award, . . . two judicially recognized exceptions to confirmation exist; one, to allow remand to the arbitrator to clarify an ambiguous award," and "another, to allow vacation of an arbitration award clearly violative of public policy."  94 Hawaiʻi 362, 365, 14 P.3d 1043, 1046 (2000) (citations omitted).  In Gepaya, the Hawaiʻi Supreme Court instructed that the public policy exception only applies where the award "*clearly*" -- not "speculati[vely] or assum[edly]" -- violates public policy.  Id. at 365-66, 14 P.3d at 1046-47 (emphasis added) (citations omitted).

In SHOPO, the Hawaiʻi Supreme Court held "that there is a limited public policy exception to the general deference given arbitration awards."  135 Hawaiʻi at 465, 353 P.3d at 1007 (citations omitted).  It instructed that courts considering the exception should apply the guidelines set forth in United Paperworkers International Union v. Misco, Inc., 484 U.S. 29 (1987), and determine whether (1) "there is an explicit, well defined, and dominant public policy that is ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests," and (2) "the arbitration award itself is clearly shown to be contrary to the explicit, well defined, and dominant public policy."  SHOPO, 135 Hawaiʻi at 465, 353 P.3d at 1007 (cleaned up).

In both Gepaya and United Paperworkers, the Hawaiʻi Supreme Court and U.S. Supreme Court respectively concluded that the arbitration awards at issue did not violate public policy. Here, the record similarly demonstrates that the arbitration award was not contrary to "explicit, well defined, and dominant public policy."

The AOAO concedes that Penney still continues to have "very limited" application notwithstanding the statutory amendment. At the hearing on its motion to modify, the AOAO explained its argument as follows,

> The purpose of the leasing of the common elements was to install a pillar which would hold up the second floor lanai. And the pillar would go down on that little 12-by-12 inch patch of grass right directly adjacent to the lower lanai because you need a post to hold up the upper lanai.
>
> So because [the arbitrator] found that the AOAO had leased the little 12-by-12 patch of grass, it wasn't a conversion from a common element to a limited common element. It remained a common element, and therefore, [HRS §] 514B-38 applies, and therefore, the 67 percent majority rule applies.
>
> Now, **if the [AOAO] had changed it from a common element to a limited common element, then [Penney] would still apply**, arguably. Now, [Owners] argue[] that well, you know, they essentially converted it, but that's not the case.

(Emphasis added.) In Crowe v. Ass'n of Apartment Owners of Waikiki Marina Condominium, this court cited Penney for the proposition that "[c]hanging a common element into a limited common element . . . requires approval by all unit owners." Nos. CAAP-14-0000545 & CAAP-14-0001210, 2019 WL 1715767, at *4

(Haw. App. Apr. 17, 2019) (SDO). <u>Penney</u>'s applicability depends upon the specific facts of a case.

Here, COL 3[5] can be read as a finding and conclusion that the proposed pillars would be limited common elements, supporting the arbitrator's application of <u>Penney</u>.[6]  An arbitrator's mistake of fact or law is not a basis to vacate or modify an award.  <u>See</u> <u>Schmidt</u>, 113 Hawaiʻi at 165, 150 P.3d at 814.  Under these circumstances, the AOAO has not "clearly shown" that the arbitration award was "contrary to the explicit, well defined, and dominant public policy."  <u>See</u> <u>SHOPO</u>, 135 Hawaiʻi at 465, 353 P.3d at 1007 (cleaned up).

We conclude that the circuit court erred by modifying the arbitration award, and we therefore vacate the circuit court's Final Judgment.

(2) Owners' points of error (5) and (6) contend that the circuit court erred by awarding attorneys' fees and costs to the AOAO as the prevailing party on the Order to Modify, and in entering the Final Judgment.  In light of section (1), <u>supra</u>, we vacate the attorneys' fees and costs award and Final Judgment.

---

[5]     COL 3 provides that, "[p]ursuant to [Kaʻiulani of Princeville] Declaration, the structure of any lanai ('<u>foundations, columns, girders, beams, floor slabs, supports, floors</u>') are common elements, <u>unless they serve only one unit, in which case they are limited common elements</u>. (emphasis added)."

[6]     We decline to reach the issue of whether the arbitration award's reliance on <u>Penney</u> constituted a mistake of law, as that determination is outside the scope of our judicial review under HRS § 658A-24.

See Ass'n of Owners of Kalele Kai v. Yoshikawa, 149 Hawai'i 417, 420, 493 P.3d 939, 942 (2021) (stating that "an award of attorneys' fees is inappropriate where the underlying judgment is vacated").

For the foregoing reasons, we vacate the Order to Modify, attorneys' fees and costs award, and Final Judgment, and remand for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawai'i, April 29, 2026.

On the briefs:

Terrance M. Revere,
for Plaintiffs-Appellants.

Barron T. Oda,
Jodie D. Roeca,
for Defendant-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge